UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CR 362 RWS |
| | ) | |
| HERBERT MILLER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This matter is before me on Defendant Herbert Miller Jr.'s Motion to Suppress Evidence. ECF No. [23]. On December 4, 2019, Judge Noce issued a Report and Recommendation, ECF No. [30], regarding the Motion. Mr. Miller objected to several aspects of Judge Noce's Order and Recommendation. ECF No. [33]. The defendant's objection did not seek de novo review by this Court, but rather was intended to preserve any factual and legal issues for appeal. ECF No. [33], see Fed. R. Crim. P. 59(b)(2).

Nonetheless, I conducted a de novo review of the issues addressed in the Defendant's objection. After thoroughly reviewing the record, I adopt Judge Noce's Order and Recommendation in full.

## ANALYSIS

The defendant objects to the following findings of fact: the police saw the defendant, driver, on three separate occasions fail to signal turns either right or left; the defendant answered "yes" then "no" to Officer Tesereau's question whether there was a gun in the car; the defendant was seated in the driver's seat when officers approached; Officer Tesereau saw the driver of the Monte Carlo make a frantic quick move with his right shoulder up and down towards the center console and the driver's seat of the vehicle; and that Officer Tesereau saw the defendant's heart pounding and the driver's neck vein pulsing heavily. Additionally, the defendant objects to Judge Noce's conclusion that the initial stop of the vehicle was lawful, that the statements made by the defendant at the scene were obtained lawfully, and that the search of the Monte Carlo at the scene of the stop was lawful.

After careful consideration, I will adopt and sustain Judge Noce's Order and Recommendation in its entirety and deny the motion to suppress except as to the documents seized during the second search of the car. Based on my review of the hearing and the memoranda regarding the motion to suppress, I find that the evidence supports the factual findings contained in Judge Noce's Order and Recommendation. Additionally, given those facts I agree with Judge Noce's conclusions of law.

First, the initial traffic stop was lawful because an officer who observes a traffic violation has reasonable grounds to initiate a traffic stop. Rodriguez v. United States, 575 U.S. 348, 354 (2015) and Arizona v. Johnson, 555 U.S. 323 (2009). The statements made while the defendant was standing outside the vehicle were also obtained lawfully. The evidence shows that the defendant was read his rights and understood them. And the defendant does not dispute that he waived his rights or that his statements were made voluntarily. Finally, the search of the Monte Carlo at the scene of the stop was lawful. "An officer, …, may conduct certain unrelated checks during an otherwise lawful traffic stop. But … he may not do so in a way that prolongs the stop absent the reasonable suspicion ordinarily demanded to justify detaining an individual." Rodriguez, 575 U.S. at 355. Determining whether an officer had reasonable suspicion to justify a search requires courts to look at the "totality of circumstances" of each case to see whether the office has a "particularized and objective basis of suspecting legal wrongdoing." U.S. v. Arvizu, 534 U.S. 266, 273 (2002). The behavior on which reasonable suspicion is grounded need not establish that the suspect is probably guilty of a crime or eliminate innocent interpretations of the circumstances. Factors that may be consistent with innocent behavior, when considered under the totality of circumstances may give rise to reasonable suspicion, even though some persons exhibiting those factors are innocent. United States v. Stewart, 631 F.3d 453, 457

(8th Cir. 2011). In this case, the officers discovered the defendant was a felon upon running his identification. Additionally, the defendants frantic movement up and down with his right shoulder upon being stopped, nervousness, and initial response to the officers question about whether there was a gun in the car factored into the officer's decision to search the car. Based on these facts, I conclude that at the time the officers commenced their search they could have reasonably suspected that the defendant was engaged in criminal activity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence, ECF No. [23], is **DENIED, except as to Exhibit D**, ECF No. [31-4], the documents seized during the second search of the car.

**IT IS FURTHER ORDERED** that defendant's objections to the Order and Recommendation [33] are overruled.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January 2020.